### AMERICAN MOTORISTS INS. CO. et al. v. NAPOLI.

#### No. 12041.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1948.

H. L. Hammett, of New Orleans, La., and L. W. Brooks, of Baton Rouge, La., for appellants.

Fred G. Benton, of Baton Rouge, La., and Charles Ory Dupont and Clarence Ory Dupont, both of Plaquemine, La., for appellee.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Plaintiff, Carl W. Napoli, filed this suit against American Motorists Insurance Company and National Automobile and Casualty Insurance Company, seeking damages for personal injuries, loss of his automobile, and reimbursement for money paid in salaries to employees who replaced him during his disablement. These alleged damages were suffered in a collision between plaintiff's automobile and a White truck, owned and operated by Don B. Hearin, and insured against public liability by National Automobile & Casualty Insurance Company, and a Ford truck, owned and operated by A. P. Hadnot, and insured by American Motorists Insurance Company. The case was tried to a jury, resulting in a judgment in solido in favor of the plaintiff, Napoli, from which these separate appeals are taken.

Plaintiff alleged that the accident was caused by the negligence of the driver of the Ford truck, or the driver of the White truck, or the combined negligence of the drivers of both trucks, which negligence of either or both drivers proximately caused the collision and his resulting injury.

The evidence shows that on November 27, 1945, at approximately ten minutes after six o'clock in the evening, Napoli was driving his automobile along the north lane of U. S. Highway 190, near Erwinville, Louisiana; that he was driving on the extreme right hand side of the road with his lights dimmed when he observed the Ford truck parked on the south side of the road, with its rear end protruding onto the pavement about two and one-half or three feet, and its front end resting on the shoulder of the road. At this time plaintiff saw the White truck approaching him on the south side of the highway, its right side. Plaintiff ob-

served that it was moving "pretty fast", and that as it approached it dimmed its lights. The parked Ford truck had no lights burning at the time and no flares set out to show its presence. The White truck ran into the rear of the Ford truck and glanced or jackknifed across the highway, colliding with the car of plaintiff. At the time of the collision plaintiff had driven his car to the extreme right side of the road and approximately two feet onto the shoulder of the highway. Plaintiff's car was struck in front and near the driver's seat. It was crushed in from the force of the impact, as a result of which plaintiff was knocked unconscious and suffered multiple injuries.

Jesse A. White, the driver of the White truck, testified that upon approaching plaintiff's oncoming automobile he dimmed his lights, and that he was momentarily blinded by plaintiff's failure to dim the lights of his car, so that he did not see the parked Ford truck and ran into the rear of it, after which his truck jackknifed into plaintiff's automobile. He further testified that he usually ran his truck at forty miles per hour along the highways, but that a governor on the truck permitted him to run it up to fifty-five miles per hour; that the impact of his truck with the parked Ford truck threw him out of the truck onto the south shoulder of the road, and that he did not see his truck strike plaintiff's automobile.

Willie Robinson, the driver of the parked Ford truck, testified that he had parked on the shoulder of the highway to load a wrecked and abandoned automobile engine there onto his truck; that the rear of his truck extended onto the paved part of the highway two or three feet; that the White truck approached from the rear of his parked truck; that he had left the headlights of his truck burning; that when he saw the White truck approaching he ran out with his cap in his hand and tried to flag it down, but that it kept its speed and ran into his parked truck.

■■ The trial court's oral charge that the plea of contributory negligence filed by National Automobile & Casualty Company could not be considered, since it was not supported by any allegations of fact, was manifestly erroneous. Under our very liberal rules of pleading, although a plea of contributory negligence must be affirmatively set forth, it need not be predicated upon extensive factual allegations. A plea that simply states that complainant was guilty of contributory negligence, as in the case at bar, is sufficient. Rule 8(a), (b), (c), (e) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Bauman v. Aluminum Co. of America, D.C., 58 F.Supp. 160; Fort Dodge Hotel Co. v. Bartelt, 8 Cir., 119 F.2d 253.

■■ The error of the court in refusing to allow the plea of contributory negligence as to National Automobile & Casualty Company, was not cured by its submission to the jury of the defense of contributory negligence on behalf of the other defendant, American Motorists Insurance Company. It may be that the owner of the Ford truck was guilty of negligence per se when the truck was parked without the protection of flares. It nevertheless becomes patent that if plaintiff was negligent in such sort as contributed to his injury, either by driving at an unreasonable rate of speed under the circumstances, or by failing to dim his lights, if such was the case, it would be open to the jury to find that, but for such negligence of the plaintiff Napoli, there would have been no accident. Moreover, the jury found that both defendants were guilty of negligence, and pleas of contributory negligence should therefore have been permitted as to both defendants.

■ The judgment being in solido against both defendants, it would be manifestly unjust to reverse the judgment as to one defendant alone, leaving the other defendant solely liable for the full amount of damages assessed. Especially is this true, since under the Louisiana law, the defendant left with the judgment standing against it could not then compel contribution from the other defendant who had succeeded in having the judgment against it reversed. Constitution Pub. Co. v. Dale, 5 Cir., 164 F.2d 210; Hunteman v. New Orleans Public Service Inc., 5 Cir., 119 F.2d 465; Menge v. Warriner, 5 Cir., 120 F. 816.

■ The witness, Jesse A. White, was evasive in answering questions, and his

testimony was in many respects inconsistent and contradictory. At the conclusion of his cross-examination he finally admitted that he did not even see the impact between the jackknifed truck and the plaintiff's automobile, having been thrown from his truck by the force of the impact with the standing Ford truck. The court from time to time would break in on the orderly examination by counsel of this witness, and interpose questions of its own. Finally, the court called upon counsel who was cross-examining White to "press him. His credibility is vitally at stake." At the conclusion of the examination by each of the counsel the court again took over the witness and entered into a long, and at times, sharp and critical examination. While we usually find no objection to a trial court's examination of a witness, we are nevertheless constrained to believe that the court's questioning of the witness White was prejudicial to defendant, and tended to deny it a fair and impartial trial. However, it is unnecessary to comment further in this regard, since this error will probably not occur upon another trial.

The judgment is reversed and the cause remanded as to both defendants for proceedings not inconsistent with this opinion.

Reversed and remanded.