## Rodney Reynolds v. Barry Sullivan and Joyce Sullivan

[383 A.2d 609]

No. 360-76

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and
Smith, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1978

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,*
Burlington, for Plaintiff.

*Thomas S. Conlon* of *Gravel, Shea & Wright,* Burlington,
for Defendants.

**Billings, J.** Plaintiff-appellant and defendant-appellees en-
tered negotiations concerning the sale of 156 acres in

Colchester, Vermont. In January, 1976, the parties executed a document entitled, "Preliminary Option Agreement." In the document, the parties were referred to as "optionor" and "optionee," although the agreement reversed the parties' respective positions. It provided that the parties "agree to enter an agreement for an option" and that "more specific terms will be stated in the option to purchase." Although it provided for the total price to be paid in "equal payments over four years," no provision was made for interest or security, and it was ambiguous as to the time for the principal payments. It was also conditioned on the plaintiff's securing agreement of the Federal Housing Administration and on second mortgagee approval of the terms of the sale and further conditioned on the termination of a contract with Munson Earthmoving Corporation. The final option was to be ready for signature within forty-five days.

The contemplated subsequent agreement was never entered into by the parties, and in June of 1976, plaintiff commenced a suit for specific performance of the "preliminary option agreement." After all the pleadings were filed, the defendants moved for summary judgment, V.R.C.P. 56, claiming that the plaintiff failed to (1) state a cause of action since "the preliminary option agreement" is not an enforceable contract; (2) that the agreement had expired according to its terms in that the Munson Earthmoving Corporation contract had not been terminated within the limitation period of the contract; and (3) that specific performance could not be granted. Plaintiff filed counteraffidavits concerning whether the Munson Earthmoving contract was a first refusal to purchase or a gravel removal contract. Subsequently, the parties stipulated that there was a factual dispute in this matter. The trial court granted the defendants' motion for summary judgment, and plaintiff appeals. In view of the concession of the factual dispute on defendants' second theory for summary judgment, it is clear that the court granted judgment to the defendants on the pleadings.

■■ V.R.C.P. 12(c) provides that a party may move for judgment on the pleadings for failure to state a claim upon which relief can be granted, and the motion may be converted into one for summary judgment. See Reporter's Notes,

V.R.C.P. 12(c) and V.R.C.P. 56(c). It is clear that the above rules are interchangeable, especially where the moving party, as here, seeks judgment on the pleadings absent outside evidence. A motion for summary judgment made on the basis of pleadings alone that challenges substantively the enforceability of an agreement is functionally the same as a V.R.C.P. 12(c) motion for judgment on the pleadings. V.R.C.P. 56, Reporter's Notes, at 158; 10 C. Wright & A. Miller, Federal Practice and Procedure § 2713, at 392 (1973); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1367, at 685 (1969). The test on a motion for judgment on the pleadings is whether the movant is entitled to judgment as a matter of law on the basis of the pleadings. 6 Moore's Federal Practice ¶ 56.02[3], at 56–29, 56–30 (2d ed. 1976). For purposes of the motion, all well pleaded factual allegations in the non-movant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true, and all contravening assertions in the movant's pleadings are taken to be false. 5 C. Wright & A. Miller, *supra*, § 1368, at 691, 693.

The "Preliminary Option Agreement" is by its terms tentative, and it is clear that the parties intended that it was preliminary. *New England Box Co.* v. *Tibbetts*, 94 Vt. 285, 289, 110 A. 434, 436 (1920). Restatement of Contracts § 26, Comment a (1932). It is possible for parties to make an enforceable contract binding them to prepare and execute a subsequent written agreement. 1 A. Corbin, Contracts § 29, at 84 (1963). For the preliminary agreement to be enforceable, it must contain all material and essential terms to be incorporated in the subsequent document. *Id.* § 29, at 84–85. If essential terms are left for future agreement, no legal obligation is created until such future agreement. 1 S. Williston, Contracts § 45, at 149 (3d ed. 1957). The agreement lacked essential elements of a deferred sale especially as to interest, specific intervals of payment and security. *Ide & Smith* v. *Stanton,* 15 Vt. 685 (1843). It is clear that the option fails to constitute a valid contract.

It would be an impossibility to enforce the preliminary option agreement here, because of its vagueness and uncertainty. In order to grant specific performance of a contract, there must be a valid contract, *Towsley* v. *Champlain Oil Co.,*

127 Vt. 541, 254 A.2d 440 (1969), and its terms must be specific and distinct and leave no reasonable doubt of meaning. *Bell* v. *Town of Grafton,* 133 Vt. 1, 4, 328 A.2d 408, 409 (1974). Here, not only are the parties reversed as to their obligations under the agreement, but there is uncertainty as to the terms and conditions, assuming that the option would have been exercised within the eighteen months stated. This is fatal to a claim of specific performance. *Bonk* v. *Boyajian,* 128 Cal. App. 2d 153, 274 P.2d 948 (1954).

*Affirmed.*