## Joyce I. Bressler and Antoinette M. Germain v. Michael F. Keller and Keller, Navin & Creamer, Inc.

[429 A.2d 1306]

No. 110-80

Present: Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 7, 1981

*Peter Gillespie,* Jericho, for Plaintiffs.

*Doremus, Congleton & Jenkins,* Essex Junction, for Defendant.

**Per Curiam.** The plaintiffs brought an action in the Chittenden Superior Court against the defendant Keller, a real estate appraiser, and the defendant corporation, Keller, Navin & Creamer, Inc. The plaintiffs alleged that their agent, the Burlington Savings Bank, employed the defendants to appraise certain residential property, that the defendants failed to report structural defects in the foundation of the property, and that the plaintiffs purchased the property in reliance on the appraisal. The defendants denied the allegation and moved to dismiss the complaint for failure to state a claim upon which relief can be granted. V.R.C.P. 12(c). The trial court granted the motion and plaintiffs appeal. Subsequent to the filing of the appeal the parties stipulated to the dismissal of the corporate defendant as a party.

V.R.C.P. 8(a) provides that a claim for relief shall contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for judgment

for the relief to which he deems himself entitled. A pleading is sufficient if it gives fair notice of the claim and the grounds upon which it rests. *Mancini* v. *Mancini*, 136 Vt. 231, 234, 388 A.2d 414, 416 (1978); 2A Moore's Federal Practice ¶ 8.13 (2d ed. 1980). On a motion for judgment on the pleadings, V.R.C.P. 12(c), the issue is whether the movant is entitled to judgment as a matter of law on the basis of the pleadings. *Reynolds* v. *Sullivan*, 136 Vt. 1, 3, 383 A.2d 609, 611 (1978). For the purposes of the motion all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. *Reynolds* v. *Sullivan, supra;* 5 C. Wright & A. Miller ¶ 1368, at 691 (1969). Considering the plaintiffs' factual allegations and the reasonable inferences that may be drawn from them, their claim is that the defendant was the plaintiffs' employee, hired by an agent, and that in performing his duties he failed to report certain defects he should have reported, and as a result of this alleged negligence plaintiffs were damaged. This is an adequate complaint under V.R.C.P. 8(a). The trial court was in error in granting the motion to dismiss on the pleadings.

*Reversed and remanded.*