## Andrea Mintz v. Lorne M. Matalon and Robin Ann Cote

[535 A.2d 783]

No. 86-181

Present: **Allen, C.J., Hill and Peck,\* JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed October 2, 1987

---

\* Justice Peck was present at oral argument but did not participate in the decision.

*David A. Williams*, Morrisville, for Plaintiff-Appellee.

*Charles E. Finberg* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant-Appellant.

*John P. Riley* of *McKee. Giuliani & Cleveland*, Montpelier, for Defendant-Appellee.

**Per Curiam.** This is an interlocutory appeal by defendant Matalon from a superior court ruling denying his motion to dismiss a negligence complaint because of insufficiency of service of process. We reverse.

Plaintiff was a passenger in a car driven by defendant which was involved in an automobile collision on September 5, 1982, in Stowe. A complaint was filed on December 8, 1983, and purported personal service was effected on February 23, 1984, by serving a copy of the complaint on the Commissioner of Motor Vehicles, as provided in 12 V.S.A. § 891. It is undisputed, however, that plaintiff did not send defendant a copy of the process and return by registered mail, as required by 12 V.S.A. § 892(a). Defendant only learned of the existence of the suit when plaintiff's attorney telephoned him on April 23, 1985, stating that defendant was then in default. Defendant filed a responsive pleading on June 20, 1985, which asserted the defense of insufficiency of service of process. On June 25, 1985, defendant filed written interrogatories and requests to produce. On September 19, 1985, defendant filed a motion to dismiss for insufficiency of service of process, which the trial court denied. Defendant moved for interlocutory review of the court's ruling on his motion to dismiss, and upon denial of the review motion we granted defendant's interlocutory appeal under V.R.A.P. 5(b)(1).

The trial court found that defendant raised the defense of insufficiency of service of process in his answer of June 20, 1985, but the court concluded that the issue was not properly raised because the answer was not a "motion" and did not contain a "request for an order for specific relief or a concise statement of particular grounds."

■ This conclusion was incorrect. Rule 12(b) provides that the defense of insufficiency of process may be raised in an answer or in a motion made before an answer is filed. In this case, the defendant properly raised the affirmative defense of insufficiency of service of process in his answer and later filed a motion to dismiss on the same grounds. While a strict interpretation of Rule 12(b) would not permit a motion to dismiss filed after an answer is filed, courts generally permit such untimely motions "when the grounds for dismissal have been raised as an affirmative defense." *Royal Globe Ins. Co.* v. *Logicon, Inc.*, 487 F. Supp. 1245, 1247 n.6 (N.D. Ill. 1980) (citing *Sorin* v. *Board of Education*, 464 F. Supp. 50, 51 (N.D. Ohio 1978); *Jennings Oil Co.* v. *Mobil Oil Corp.*, 80 F.R.D. 124, 127 n.4 (S.D.N.Y. 1978); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1361 (1969)). Thus the court in this case should have considered the motion to dismiss.

The remaining question is whether the defense as raised in the answer was sufficient. Plaintiff appears to argue, and the trial court to agree, that the statement of the defense in the answer had to be accompanied by a sufficient quantum of proof to render it credible. Some fifty years after the adoption of the Federal Rules of Civil Procedure, on which the Vermont rules are based, such notions should long since have vanished.

■ The standard for sufficiency of pleadings under Rule 8 in Vermont is clear. A complaint is sufficient if it gives fair notice of the claim and the grounds upon which it rests. *Bressler* v. *Keller*, 139 Vt. 401, 403, 429 A.2d 1306, 1307 (1981). The pleader does not have to provide a specific and detailed statement of the facts constituting a cause of action. *Levinsky* v. *Diamond*, 140 Vt. 595, 601, 442 A.2d 1277, 1280 (1982). It is generally recognized that the requirements for pleading an affirmative defense under Rule 8(c) are the same as those for pleading a cause of action. *Lehmann Trading Corp.* v. *J & H Stolow, Inc.*, 184 F. Supp. 21, 22-23 (S.D.N.Y. 1960); 2A Moore's Federal Practice ¶ 8.27[3], at 8-182-83 (2d ed. 1987); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1274, at 323 (1969). As with a complaint, an affirmative defense "need not be predicated upon extensive factual allegations." *American Motorists Ins. Co.* v. *Napoli*, 166 F.2d 24, 26 (5th Cir. 1948). Simply stating an affirmative defense in the answer, as defendant has done, is sufficient. *Id.* A statement of particular grounds is not required in pleading an affirmative defense.

■ The trial court also concluded that defendant waived the defense of insufficiency of service of process because he attempted to effect discovery following the filing of his answer. It appears that the discovery attempt related to defendant's arguments concerning sufficiency of service of process, but even if it extended to other matters in the case, the exercise of a party's discovery rights by itself does not constitute waiver of defenses properly pleaded and otherwise before the court. See *Shaw* v. *United States*, 422 F. Supp. 339, 341-42 (S.D.N.Y. 1976) (objection to venue not waived where government had objected to venue in answer, engaged in discovery, and then moved to dismiss or transfer). Such an outcome would be at war with the very purposes of discovery: to allow the parties to become fully informed about the essential nature of the case prior to trial. No basis for a conclusion of waiver appeared below.

Finally, plaintiff argues that the case is now moot since defendant has been served in a subsequent action brought on the same facts. It is not, however, for us to determine if the 1986 action will find the parties in the same position as the action that proceeded from faulty service of process in 1983. What is before us is an action based on clearly inadequate service of process. It should have been dismissed.

*Reversed and remanded.*