State of Vermont
Superior Court—Environmental Division

========================================================================

E N T R Y   R E G A R D I N G   M O T I O N

========================================================================

**In re Frechette 6-Lot Subdivision**                    **Docket No. 54-4-11 Vtec**
**(Planning Commission Zoning/Subdivision)**

Title: Motion to Enforce Settlement Agreement (Filing No. 1)

Filed: February 3, 2012

Filed By: Appellants David and Joyce Fifield

Response filed on 2/22/12 by Appellee/Applicant Harlow G. Frechette, Jr.

Reply filed on 3/1/12 by Appellants David and Joyce Fifield


___ Granted                 _X_ Denied                 ___ Other


David and Joyce Fifield (Appellants) appeal the Town of South Hero Planning Commission's (the Planning Commission) decision approving with conditions Harlow Frechette's (Applicant) proposed six-lot subdivision in the Town of South Hero, Vermont. Pursuant to this Court's Scheduling Order dated June 15, 2011, the parties entered into mediation and reached a settlement. The parties memorialized the settlement's terms in a "Settlement Agreement" dated July 21, 2011 and signed by Applicant, Appellants, and their respective attorneys. Now pending before the Court is Appellants' motion to enforce the Settlement Agreement.

We have jurisdiction to enforce a settlement agreement in an action still pending and active on our docket, even if its terms have not been incorporated into a court order. See In re Smith 4-Lot Subdivision Final Plat, No. 244-12-09 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Sept. 27, 2011) (Durkin, J.). In considering a motion to enforce a settlement agreement, we review the terms of the settlement agreement and enforce it as we would enforce a contract. See In re Ferro & Pomeroy Demo/Construction Permit, No. 197-10-09 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Nov. 22, 2011) (Durkin, J.) ("A settlement agreement is fundamentally a contract between parties that can be enforced by this Court as such."). "When the language of an agreement is clear, [a] Court must interpret the intentions and understanding of the parties as they are declared within the agreement." Downtown Barre Dev. v. GU Markets of Barre, LLC, 2011 VT 45, ¶ 9, 189 Vt. 637. Further, we must give effect to every part of the agreement. R & G Props., Inc. v. Column Fin., Inc., 2008 VT 113, ¶ 17, 184 Vt. 494 (quoting In re Verderber, 173 Vt. 612, 615 (2002)).

Appellants ask the Court to find Applicant in breach of the Settlement Agreement for failing to provide Appellants with an acceptable road maintenance agreement. Appellants also ask the Court to enforce the Settlement Agreement in full. In response, Applicant asserts that he has provided an acceptable road maintenance agreement and urges the Court to strike the

disputed section of the Settlement Agreement and enforce the Settlement Agreement's other provisions.

Paragraph 1 of the Settlement Agreement provides:

"[Applicant] will provide [Appellants] with a copy of a proposed road maintenance agreement for the portion of Turtle Bay Lane located on [Applicant's] property, which will include provisions for owners of lots sold by [Appellants] and [Applicant] to become parties to the agreement, provisions for decision-making regarding snowplowing and other maintenance. This agreement is contingent upon said road maintenance agreement being acceptable to [Appellants]. Costs of snowplowing and maintenance shall be shared as per the current road easement agreement."

(Appellants' Motion to Enforce Settlement Agreement and Memorandum in Support Thereof, Ex. 1, filed Feb. 6, 2012.)

The plain terms of Paragraph 1 provide that "[t]his agreement is contingent upon" Appellants' acceptance of Applicant's proposed road maintenance agreement. Id. (emphasis added). Paragraph 1 thus clearly conditions the validity of the entire Settlement Agreement on Appellants' acceptance of a road maintenance agreement provided by Applicant.

As required by the Settlement Agreement, Applicant provided Appellants with a road maintenance agreement. (See Permittee's Memorandum in Response to Appellants' Motion to Enforce Settlement Agreement, Ex. A, filed Feb. 22, 2012.) Appellants responded to Applicant's proffered agreement, however, with what Applicant characterizes as "a completely new draft more to their liking." (Permittee's Memorandum in Response to Appellants' Motion to Enforce Settlement Agreement 3, filed Feb. 22, 2012.) Thus, Appellants did not accept Applicant's proposed road maintenance agreement, and the condition in Paragraph 1 requiring their acceptance was not fulfilled. Based on the express terms of the Settlement Agreement, the entire Settlement Agreement is therefore unenforceable. See, e.g., Reynolds v. Sullivan, 136 Vt. 1, 3 (1978) ("If essential terms are left for future agreement, no legal obligation is created until such future agreement.").

Accordingly, we **DENY** Appellant's motion to enforce the Settlement Agreement. Because the entire Settlement Agreement is unenforceable, we must proceed to trial. We direct the parties to submit to the Court, in writing, by **Wednesday, May 23, 2012**, their unavailable dates in July, August, and September for a one-day trial.

_____          _____May 10, 2012_____
          Thomas G. Walsh, Judge                              Date

===================================================================

Date copies sent: _____                    Clerk's Initials: _____

Copies sent to:

  Roger E. Kohn, Attorney for Appellants David and Joyce Fifield

  Christopher D. Roy, Attorney for Appellee Harlow G. Frechette Jr.

  Andy MacIlwaine, Attorney for Interested Person Town of South Hero