*Blake v. Progressive Northern Ins.*, No. 164-9-15 Oecv (Tomasi, J., Feb. 4, 2016)
[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Orange Unit | Docket No. 164-9-15 Oecv |

| | |
|---|---|
| Christopher Blake,<br>        Plaintiff<br><br>        v.<br><br>Progressive Northern Insurance,<br>        Defendant | |

### Opinion and Order on Defendant's Motion For Partial Judgment on the Pleadings

Defendant Progressive Northern Insurance Company moves for partial judgment on the pleadings as to Plaintiff Christopher Blake's claim for breach of the Consumer Fraud Act (CFA), 9 V.S.A. §§ 2451-63.  The Plaintiff is represented by Michael Hanley, Esq.  The Defendant is represented by Daniel Burchard, Esq.  The Court makes the following determinations.

### Discussion

A motion for judgment on the pleadings under Vt. R. Civ. P. 12(c) is judged under the same standard as a Rule 12(b)(6) motion to dismiss.  *Irish Lesbian and Gay Org. v. Giuliani,*  143 F.3d 638, 644 (2d Cir. 1998).  The "complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir. 1977) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which, though no longer followed under federal law, still sets forth the standard that governs motions to dismiss under Vermont law).

In analyzing a Rule 12(c) motion, the Court takes as true "all well-pleaded factual allegations in the nonmovant's pleadings, including all reasonable inferences to be drawn from them." *Goodby v. Vetpharm, Inc.*, 2009 VT 52, ¶ 3, 186 Vt. 63, 66 (internal quotation omitted); *see Bressler v. Kessler*, 139 Vt. 401, 403 (1981).  Further, such a motion "is designed to provide a means of disposing of cases when the material facts are not in dispute … and only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 206–08 (3d ed. 2004).

Plaintiff's complaint alleges that the Defendant promised the Plaintiff that it would pay for injuries caused by an underinsured motorist, that the Defendant refused to follow through on the promise, that the Plaintiff relied on the Defendant's promise to pay, that the Defendant had no basis for refusing, and that the Defendant knew or should have known that it had no basis for refusing.  The Plaintiff alleges that such conduct is a violation of Vermont's CFA, 9 V.S.A. § 2451ff.

Relying on *Wilder v. Aetna Life & Cas. Ins. Co.*, 140 Vt. 16 (1981), the Defendant argues that the CFA does not cover insurance transactions as a matter of law.  In the alternative, based on *Greene v. Stevens Gas Service*, 2004 VT 67, 177 Vt. 90, the Defendant argues the Plaintiff's cause of action is merely a coverage dispute, and the CFA does apply to such matters.

As to the first contention, the Court concludes that *Wilder* no longer controls the question presented.  *Wilder* involved an insurance settlement between a plaintiff and the tortfeasor's insurer, which had withheld a portion of a settlement as a setoff against mistakenly paid funds.  At the time, the CFA defined goods as "tangible personal chattel" and services as "work, labor and services . . . in connection with the delivery, installation, servicing, repair or improvement of goods."  The Supreme Court held that the sale of insurance does not amount to "a contract for goods or services within the meaning of 9 V.S.A. § 2451."  *Wilder*, 140 Vt. at 18.

In 1985, the Legislature amended the CFA, significantly modifying the provisions at issue in *Wilder*.  As currently enacted, 9 V.S.A. § 2451a defines "goods" or "services" to include "any objects, wares, goods, commodities, work, labor, intangibles, courses of instruction or training, securities, bonds, debentures, stocks, real estate, or other property or services of any kind."  In *Greene*, the Supreme Court acknowledged the legislative change to the CFA but did not rule on whether *Wilder* remains good law.  *Greene*, 2004 VT 67, ¶¶ 15-17, 177 Vt. at 97-98.

This Court now concludes that it is not.  The 1985 amendments to the CFA fully undermine the basis for the Supreme Court's ruling in *Wilder*.  Given the Legislature's significant expansion of the definition of matters covered by the CFA – from "delivery, installation, servicing, repair or improvement" of "tangible personal chattel" to "intangibles" and "property and services of any kind" – this Court believes that the CFA now covers transactions involving the sale of insurance.  Insurance likely constitutes an intangible, *see Showpiece Homes Corp. v. Assurance Co. of America*, 38 P.3d 47, 57 (Colo. 2001), and, at a minimum, meets the catch-all provision "other property or services of any kind."

Other courts have also concluded that *Wilder* is no longer good law, *see, e.g.*, *Bertelson v. Union Mut. Fire Ins. Co.*, No. 834-04 Cncv (Vt. Super. Ct. Nov. 22,

2004), *available at:*  http://www.vermontjudiciary.org/tcdecisionscvl/2005-8-15-5.pdf; and the Vermont Attorney General has filed an *amicus curiae* brief in the Vermont Supreme Court taking that same position, *Greene*, 2004 VT 67, ¶ 10, 177 Vt. at 95. At least one court has gone the other way, however.  *See Nautilus Ins. Co. v. Loomis,* No. 194-9-10 Oecv, 2012 WL 1144698 (Vt. Super. Ct. Feb. 29, 2012).

In this Court's view, in light of the broad and plain language used by the Legislature; the liberal construction that is to be afforded the CFA, *Elkins v. Microsoft Corp.*, 174 Vt. 328, 331 (2002); and the additional analyses set out in the *amicus* brief and the *Bertelson* court, the sale of insurance falls within the provisions of the CFA.  To the extent Defendant's motion for judgment on the pleadings is based on the rule set forth in *Wilder*, it is denied.

As to the Defendant's second argument, the Court concludes that the Defendant is not entitled to judgment on the pleadings under *Greene*.  Defendant correctly points out that the *Greene* Court concluded that simple coverage disputes between insurers and insureds could not fall within the proscriptions of the CFA. *Greene*, 2004 VT 67, ¶¶ 15-16, 177 Vt. at 97-98.  Instead, to prove a CFA claim, an insured must establish conduct approximating bad faith on the part of the insurer. *Id.*  In his opposition, Plaintiff in this action appears to acknowledge and accept that burden.

To establish bad faith on the part of an insurer, a party must show that "(1) the insurance company had no reasonable basis to deny benefits of the policy, and (2) the company knew or recklessly disregarded the fact that no reasonable basis existed for denying the claim." *Bushey v. Allstate Ins. Co.*, 164 Vt. 399, 402 (1995).

Here, the Defendant appears to contend that, by not including more specific factual allegations, the complaint is somehow defective.  The Court disagrees. Vermont continues to require only notice pleading, and, to state a cause of action, a plaintiff need only give a defendant fair notice of the claim being brought against him.  Vt. R. Civ. P. 8; *Bock v. Gold*, 2008 VT 81, ¶ 5, 184 Vt. 575, 576.

In this case, the complaint does just that.  As noted above, the complaint alleges that the Defendant promised that it would pay for injuries caused by an underinsured motorist, the Defendant refused to follow through on the promise, the Plaintiff relied on the Defendant's promise to pay, the Defendant had no basis for refusing, and it knew or should have known that it had no basis for refusing.

The Court is not presently permitted to test Plaintiff's evidence or to judge whether there any actual facts that would support the allegations of the complaint or establish bad faith.  At this stage, the Court's only role is to determine whether the complaint states a claim for violation of the CFA.  The Court finds that it does.

<u>Conclusion</u>

In light of the foregoing, the Defendant's motion for partial judgment on the pleadings is denied.

Electronically signed on February 04, 2016 at 01:53 PM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge