*Flint v. State of Vermont Dept. of Labor*, No. 153-3-14 Wncv (Tomasi, J., May 2, 2016).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Washington Unit | Docket No. 153-3-14 Wncv |

Paul Flint,
  Plaintiff,

  v.

State of Vermont,
Department of Labor,
  Defendant.

Opinion and Order on the State's Motion for Judgment on the Pleadings

Plaintiff Paul Flint claims that, during the time in which he was an employee of the Vermont Department of Labor, he was entitled to overtime compensation at a time-and-a-half rate under 21 V.S.A. § 384(b)(7), yet, the State intentionally refused to pay him at the elevated rate.[1]  In this case, he seeks the compensation to which he claims he is entitled.  The State has filed a motion for judgment on the pleadings, arguing that Subsection 384(b)(7) grants no such right.  The Court held oral arguments on the motion on April 25, 2016.  It makes the following determinations.

Judgment on the pleadings is appropriate when, based solely on the pleadings, the moving party is entitled to judgment as a matter of law.  *Reynolds v. Sullivan*, 136 Vt. 1, 3 (1978).  "For the purposes of the motion all well pleaded

---

[1] Initially, Mr. Flint also asserted a private right of action pursuant to 29 U.S.C. § 216(b) to enforce his federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, right to an elevated overtime rate.  When the State sought to dismiss that claim, however, he withdrew it.

factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Bressler v. Keller*, 139 Vt. 401, 403 (1981).

Here, the plain language of Subsection 384(b)(7) does not extend a statutory right to the overtime rate that Mr. Flint seeks. Just the opposite. The provision is as follows:

> (b) Notwithstanding subsection (a) [which sets out the State minimum wage] of this section, an employer shall not pay an employee less than one and one-half times the regular wage rate for any work done by the employee in excess of 40 hours during a workweek. However, this subsection shall not apply to:
>
> .   .   .
>
> (7) State employees who are covered by the Federal Fair Labor Standards Act.

21 V.S.A. § 384. There is no disagreement that Mr. Flint's employment fell within the scope of FLSA. The Vermont statute, thus, plainly exempts State employees such as Mr. Flint from the Vermont statutory right to time and a half for overtime.

Mr. Flint argues, however, that the Court should disregard the plain language of the statute because it no longer reflects the Legislature's intent, which, according to him, was to ensure that employees in his position have an effective, enforceable right to the elevated overtime rate. His reasoning is as follows. When the Legislature adopted 21 V.S.A. § 384(b)(7), it presumed that State employees had the right to the more desirable overtime pay rate *and* a private right of action to enforce that right against the State because the FLSA provided both. *See* 29 U.S.C.

2

§§ 207(a)(1) (time and a half), 216(b) (private right of action).  In 1999, however, the United States Supreme Court ruled that the States retain sovereign immunity to private rights of action under Subsection 216(b), though they remain subject to enforcement actions brought by the United States Secretary of Labor, pursuant to 29 U.S.C. § 216(c).  *Alden v. Maine*, 527 U.S. 706, 759–60 (1999).  The federal Department of Labor, Mr. Flint contends, has proven to be less than effective in enforcing the rights of individual employees who are essentially left with right without a remedy.  He asserts that the decision to exempt state employees from the Vermont right to the overtime rate was predicated on the availability of a federal right to enforce privately the analogous federal right.

Mr. Flint would have the Court solve his perceived dilemma by ruling that employees in his position are not "covered by," 21 V.S.A. § 384(b)(7) insofar as they have no *effective* enforcement right under the FLSA.  He contends that the Court should then proceed to find that the Vermont right of action extends to such workers (by omitting them from Subsection 384(b)(7)), and to conclude that they have a private right of action against the State, pursuant to 21 V.S.A. §§ 347, 395.

Purely as a matter of statutory interpretation, Mr. Flint's argument is wholly unpersuasive.  Subsection 384(b) itself does not grant a private right of action to anyone.  Rather, it establishes a Vermont statutory right to specific overtime pay for some, but not all, employees in Vermont.  State of Vermont employees who are "covered by" the FLSA are among those who were *not afforded* the Vermont statutory right.

3

The 1999 *Alden* decision addressed the sovereign immunity of the states against private enforcement actions under FLSA, not the right to pay at overtime rates. There is no reasonable basis for thinking that the Vermont Legislature possibly could have intended "covered by" in the Vermont statute to somehow be referring to the ongoing availability of a federal private right of action. If the Legislature had intended to enact such a failsafe, it presumably would have said so. Instead, it expressly excluded those employees from the very right that could be enforced privately pursuant to Vermont statute. Adopting Mr. Flint's view would require this Court to rewrite the law, which the Court is loath to do. *See Lecours v. Nationwide Mut. Ins. Co.*, 163 Vt. 157, 161 (1995) ("we are constrained not to rewrite the statute" or to "expand the plain meaning of a statu[t]e by implication").

Further, while Mr. Flint expressly argues his claim as a matter of statutory interpretation alone, issues of sovereign immunity also impact the analysis. That is so because the effect of his argument would be to convert a statute that clearly does not grant a right to monetary compensation from the State into one that both grants it and waives sovereign immunity to claims predicated on that right. Generally, "[s]overeign immunity protects the state from suit unless immunity is expressly waived by statute." *LaShay v. Dep't of Soc. & Rehab. Servs.*, 160 Vt. 60, 67 (1993). There is no reasonable way to find an express waiver in 21 V.S.A. § 384(b)(7). *See Coniff v. Vermont*, No. 2:10–cv–32, 2013 WL 5429428, at *5–6 (D. Vt. Sept. 30, 2013) (conclusively so ruling in response to similar arguments), *aff'd sub nom. Beaulieu v. Vermont*, 807 F.3d 478, 484–85 (2d Cir. 2015). Principles of

sovereign immunity do not permit the Court to adopt Mr. Flint's construction of the law.

Ultimately, Mr. Flint's approach impermissibly crosses swords with the language of the statute. In addition, *Alden* has been in place for nearly twenty years, and the Legislature has taken no steps to alter Subsection 384(b)(7). While Mr. Flint views the circumstances as "unfair or unjust, the remedy is to change the law itself. This can be effected by the legislature and should not be done by judicial fiat under the guise of statutory interpretation." *Riddel v. Dep't of Employment Sec.*, 140 Vt. 82, 88, 436 A.2d 1086, 1089 (1981).

Finally, Mr. Flint argues that he has a Vermont constitutional right, Vt. Const. ch. I, art. 4 (due process), to a private action for damages, citing *Nelson v. Town of Johnsbury Selectboard*, 2015 VT 5, 198 Vt. 277.[2] *Nelson* confirmed that Article 4 is self-executing, but it did not address the question of a remedy, much less the availability of a damages action. *Id.* ¶ 53, 198 Vt. at 300.

The question whether the violation of a self-executing provision of the Vermont constitution may be enforced by an action for damages was addressed in detail in *Shields v. Gerhart*, 163 Vt. 219, 227–35 (1995). There, the Court reviewed the case law and generally concluded as follows:

> We agree that it may be appropriate to imply a monetary damages remedy to enforce constitutional rights where the Legislature has fashioned no other adequate remedial scheme. Where the Legislature has provided a remedy, although it may not be as effective for the

---

[2] The Court notes that Plaintiff's Complaint does not specifically raise a constitutional due process claim.

plaintiff as money damages, we will ordinarily defer to the statutory remedy and refuse to supplement it.

*Id*. at 234–35.[3]

Here, Mr. Flint does not dispute that a remedial scheme continues to exist under the FLSA. He merely argues that it is not as effective as a private action for damages. For a number of reasons, the Court is not persuaded that a constitutional damages remedy should be created in this case.

First, Mr. Flint's assertion that 21 V.S.A. § 384(b)(7) was an attempt by the Legislature to give certain State employees a federal statutory right of action against it makes no sense. The right to pay at the overtime rate in this case is exclusively federal. There is no corresponding state right. The Legislature explicitly so provided in 21 V.S.A. § 384(b)(7). By the same token, it clearly did not intend to provide any Vermont right to a private action to enforce that federal right. This is as true before *Alden* as after. Inferring the damages action Mr. Flint seeks would directly contravene, or, at a minimum, wholly recast, the Legislature's intent.

Mr. Flint's argument about the inadequacy of the federal remedy is also deficient. The argument relies on generalizations only. There remains a path for enforcement of his rights by federal authorities. He does not assert that he ever pursued his federal remedies, and he does not explain why those remedies would

---

[3] In the context of damages under the Common Benefits Clause, the Court has adopted an even more stringent test. Damages under that provision are only appropriate if the conduct "was actuated by personal motives unrelated to the duties of the defendant's official position, such as ill will, vindictiveness, or financial gain." *In re Town Highway No. 20*, 2012 VT 17, ¶ 37, 191 Vt. 231, 254. Plaintiff can make no such claim in this case.

have been so inadequate in his case that a damages action here should be inferred. He also conceded at oral argument that he may have had additional remedies available to him in the form of a grievance claim before the Vermont Labor Relations Board or in a breach of contract action. Prior to his separation from state service, he would likely have had a right to enforce his federal rights through an action for injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908).

Accordingly, Plaintiff has been afforded possible remedies for his overtime claim. Though they may not be as effective as a private damages action, under the *Shields* analysis, the availability of such relief counsels against the creation of a constitutional damage remedy in this case. *Id.* at 234–35.

## Conclusion

For the foregoing reasons, the State's motion for judgment on the pleadings is granted.

Dated this __ day of April 2016 at Montpelier, Vermont.

_____
Timothy B. Tomasi,
Superior Court Judge

7