*Wolfel v. Hudson Valley Dental Associates*, No. 55-1-20 Wncv (Tomasi, J., July 22, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 55-1-20 Wncv |

| | |
|---|---|
| Gail Wolfel,<br>　　　Plaintiff<br><br>v.<br><br>Hudson Valley Dental Associates,<br>　　　Defendant | |

## Opinion and Order on Defendant's Motion for Judgment on the Pleadings

Defendant has moved for judgment on the pleadings regarding Plaintiff's claim for violation of the Vermont Consumer Fraud Act (CFA), 9 V.S.A. §§ 2451-62. Vt. R. Civ. P. 12(c). It asserts that Plaintiff's claim is truly a malpractice claim that is not actionable under the CFA. Plaintiff counters that his CFA claim goes beyond simple malpractice and that the allegations of the complaint make that clear. The Court makes the following determinations.

The standard for granting dismissal based on the pleadings is exacting. The question is whether, based solely on the pleadings, the moving party is entitled to judgment as a matter of law. *Reynolds v. Sullivan*, 136 Vt. 1, 3 (1978). "For the purposes of the motion all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Bressler v. Keller*, 139 Vt. 401, 403 (1981).

As the federal courts have repeatedly held: "A court applies the same standard to a motion for judgment on the pleadings as it does to a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2008). Our Supreme Court has held that dismissal under Vt. R. Civ. P. 12((b)(6) "is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (quoting *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)).

Accordingly, where "a plaintiff's pleadings contain allegations that, if proved, would permit recovery, a defendant may not secure a judgment on the pleadings." *Thayer v. Herdt*, 155 Vt. 448, 456 (1990); *see Knight v. Rower*, 170 Vt. 96, 98 (1999)

(judgment warranted only if "pleadings contain no allegation that would permit recovery").

Here, Defendant is correct that malpractice claims are "generally not actionable under the Consumer Fraud Act if they are the product of the defendant's professional judgment based upon his legal knowledge and skill…. A plaintiff cannot simply recast a malpractice claim as a consumer fraud claim. *Webb v. Leclair*, 2007 VT 65, ¶ 23, 182 Vt. 559, 564 (2007) (internal quotation and citation omitted). The basis for that conclusion was that "opinions" are not typically "facts" that can be subject to objective measure. *Id*. at ¶¶ 22-23, 182 Vt. at 564.

The *Webb* Court also made plain, however, that there are exceptions to that rule. It provided the following examples of circumstances where a malpractice claim might be actionable under the CFA: where the professional misrepresents her true opinion as part of a "scheme to defraud," where the claim is not based on the professional's judgment but on whether she actually performed a specific act, where the professional misrepresented facts in reaching her opinion, and where an opinion is represented as actual fact. *Id*. at ¶¶ 22-25, 182 Vt. at 564-65.

In this case, indulging all inferences in favor of Plaintiff, the services described in Paragraph 6 of the Complaint may have been recommended based on misrepresentations as to the factual condition of Plaintiff's teeth or misrepresentations as to Defendant's true professional opinions, or both. The Complaint goes on to state that the services were, in fact, not necessary and that Defendant attempted to further what, in essence, is alleged to have been a "scheme to defraud" by having Plaintiff execute a general release that would have absolved it of liability for the excessive and unnecessary treatment.

Viewed through that lens, the Court believes such allegations fit under the exceptions outlined in *Webb*. Plaintiff's CFA claim may proceed beyond the pleadings stage.

WHEREFORE, the Court denies the motion for judgment on the pleadings.

Signed on July 22, 2020, at Montpelier, Vermont.

_____
Timothy B. Tomasi
Superior Court Judge

2