# STATE OF VERMONT

**SUPERIOR COURT**
**Rutland Unit**

**CIVIL DIVISION**
**Docket No. 324-6-19 Rdcv**

**GENE MULLANEY on behalf of**
**STATE OF VERMONT**
    **Plaintiff**
    **v.**

**CHITTENDEN RESORTS, LLC,**
**d/b/a MOUNTAIN TOP INN and RESORTS,**
    **Defendant**

## DECISION: MOTION TO DISMISS

Defendant has filed a motion to dismiss pursuant to V.R.C.P. 12(b)(6), failure to state a claim upon which relief can be granted. When ruling on a motion to dismiss under V.R.C.P. 12(b)(6), the court is required to take all the facts alleged in the complaint as true. The court must determine whether, assuming the facts alleged are true, the allegations are sufficient to state a legal claim upon which relief may be granted. *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 5 n.1, 184 Vt. 1. Also, the court must make all reasonable inferences of fact from the Plaintiff's allegations in favor of the Plaintiff, and the court must treat all contravening assertions in the Defendant's pleadings are false. *Reynolds v. Sullivan*, 136 Vt. 1, 3 (1978) (citing 5 C. Wright & Miller, Federal Practice and Procedure s 2713, at 691, 693 (1969)). The court must not dismiss a claim under V.R.C.P. 12(b)(6) unless "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Murray v. City of Burlington*, 2012 VT 11. "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002) (citations omitted).

Oral argument was heard on January 14, 2020. Plaintiff was present and represented by Attorney Thomas C. Bixby. Defendant was represented by Attorney Timothy C. Doherty, Jr.

Plaintiff's complaint asserts liability pursuant to 32 V.S.A. § 630 et seq., the Vermont False Claims Act, which, in pertinent part, provides that no person shall "knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval." 32 V.S.A. § 631(a)(1). "Claim" is defined as "any request or demand, whether under a contract or otherwise, for money or property..." 32 V.S.A. § 630(1).

As noted by the Second Circuit, "the archetypal FCA claim involves a factually false request for payment from the government...Over time, courts have extended the FCA's reach to 'legally false' claims, those in which 'a party certifies compliance with a statute or regulation as a condition to governmental payment,' but is not actually compliant." *Bishop v. Wells Fargo &*

1

*Co.*, 823 F.3d 35, 43 (2nd Cir. 2016) (internal citations and quotation omitted), vacated on other ground by 137 S. Ct. 1076 (2017). See 32 V.S.A. § 641(b) ("It is the intent of the Legislature that in construing this chapter, the courts of this State will be guided by the construction of similar terms contained in the Federal False Claims Act, 31 U.S.C. §§ 3729-3733.").

There is no indication that either the Federal or State Legislature intended the False Claims Act to go so far as to support private causes of action for fines and penalties and fees related to regulatory violations. Plaintiff's claims against Defendant are all based on such allegations. There are separate regulatory schemes available to the government to address regulatory violations, and there is nothing in the False Claims Act that suggests that the Act was intended to provide private citizens a basis for liability on such grounds. Accordingly, the motion to dismiss must be granted.

Defendant also seeks dismissal based on arguments that Plaintiff's complaint fails to satisfy Rule 9 requirements for pleading fraud grounds, and is barred by 32 V.S.A. §§ 636(b) and (c)(1) and the statute of limitations. The court agrees with Defendant's analyses, but these arguments are cumulative. The fundamental reason for dismissal is that the Vermont False Claims Act does not provide for causes of action of the type alleged by Plaintiff.

Thus, even assuming all facts alleged by Plaintiff as true, this court cannot find that the allegations are sufficient to state a claim under the Vermont False Claims Act.

Defendant's motion to dismiss pursuant to V.R.C.P. 12(b)(6) is thus GRANTED.

The case is dismissed.

Dated at Rutland, Vermont, this 17th day of January 2020.

Mary Miles Teachout
Mary Miles Teachout
Superior Court Judge

2