Vermont Superior Court
Filed 10/01/24

SUPERIOR COURT                                    CIVIL DIVISION
Washington Unit                               Case No. 24-CV-02151
65 State Street                               Case No. 24-CV-1611
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



---

**Vermont Human Rights Commission v. Leland Gray Middle and High School et al**

---

Opinion and Order on Motion to Strike

Plaintiff has moved to strike a number of Defendants' affirmative defenses, pursuant to Vt. R. Civ. P. 12(f).  Defendants have opposed the motion.  The Court makes the following determinations.

While Rule 12(f) gives the Court the power to strike "any insufficient defense," in this jurisdiction, it has rarely been used to that end.  As our Supreme Court has counselled:  "A motion to strike is not designed as a mechanism for presenting disputes about law or fact." *Watson v. Vill. at Northshore I Assn., Inc.*, No. 2013-451, 2014 WL 3714662, at *2 (Vt. May 9, 2014) (3-Justice Opinion).  That approach dovetails well with the Supreme Court's emphasis on the fact that affirmative defenses need not be pled with any particularity or any factual description to pass muster under Vt. R. Civ. P. 8(c). *Mintz v. Matalon*, 148 Vt. 442, 444 (1987).

Views of commentators and other courts regarding the dangers of the misuse of such motions also cautions against employing Rule 12(f) expansively, as Plaintiff suggests.  As noted in *Federal Practice and Procedure*:

> Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harrassing character.  Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.  Nonetheless, these motions are a useful and appropriate tool when the parties disagree only on the legal implications to be drawn from uncontroverted facts.  But even when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a

1

hearing on the merits, either on a summary judgment motion or at trial.

5C Charles Wright, *et al., Fed. Prac. & Proc. Civ.* § 1381 (3d ed.); *see Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."); *Lipsky v. Commonwealth United Corp*, 551 F.2d 887, 893 (2d Cir.1976) ("courts should not tamper with the pleadings [through motions to strike] unless there is a strong reason for so doing" (internal quotation omitted)); *Fox v. Poole*, No. 06CV148, 2006 WL 3419779, at *2 (W.D.N.Y. Nov. 28, 2006) (defenses may be stricken only if "unworthy of any consideration as a defense and … their presence in the pleading throughout the proceeding would be prejudicial to the movant").

In light of the above and the concerns raised by such motions,[1] the Court will grant a motion to strike an affirmative defense under Rule 12(f) only in the plainest of circumstances and where the movant can demonstrate palpable prejudice. Those circumstances do not exist in this case. While Plaintiff claims it may expend resources in vetting the defenses, such a claim could be made with regard to any motion under rule 12(f). Something more than such ordinary give and take of litigation is required. And the Court cannot determine from the pleadings that the defenses lack all legal and factual merit.

The motion comes closest to the above mark with regard to the request to strike the defense of official immunity. The Court tends to agree that sovereign immunity applies to entities, while official immunity applies to individuals. There are no individual defendants in this case, however. Nonetheless, in *Czechorowski v. State*, 2005 VT 40, ¶¶ 28–29, 178 Vt. 524, 533, the Supreme Court suggested that, in certain circumstances, the immunity of an individual may also break the chain of responsibility to her employer. As the scope and force of *Czechorowski's* holding in that regard have not been fully determined, the Court will allow that defense to move forward.

WHEREFORE, the motion to strike is denied. As the matter presents a legal matter for the Court's consideration, the Court does not deem that additional oral

---

[1] The Court makes no suggestion of any improper underlying purpose in this case. Just the opposite. The Court perceives a good-faith disagreement by Plaintiff as to the merits of the proffered defenses and a desire for early resolution of that dispute.

argument is warranted to resolve the matter.  Vt. R. Civ. P. 78; *Shaw v. Barnes*, 166 Vt. 610, 610 (1997) (mem.) (court retains discretion as to whether to afford oral argument on motions).

Electronically signed on Wednesday, September 25, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge