Vermont Superior Court
Filed 11/18/24

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03083

Richard Schiller v. Angel Lewis

## Opinion and Order on Plaintiff's Motion for Judgment on the Pleadings

Plaintiff moves for judgment on the pleadings in this landlord-tenant action. While Defendant has disputed that she received "actual notice" of the notice of termination, Plaintiff asks the Court to disregard that denial in favor of his averments and evidence showing that the notice was left at Plaintiff's door by FedEx. While Defendant has not opposed the motion, she has denied receipt of the notice in her Answer; and the Court must still evaluate the merit of the motion.

The standard for granting judgment on the pleadings is exacting. The question is whether, based solely on the pleadings, the moving party is entitled to judgment as a matter of law. *Reynolds v. Sullivan*, 136 Vt. 1, 3 (1978). "For the purposes of the motion all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Bressler v. Keller*, 139 Vt. 401, 403 (1981).

Here, Plaintiff's attempts to circumvent Defendant's denial of receipt of the notice of termination are not persuasive. First, the Court rejects Plaintiff's contention that delivery of a notice of termination to tenant's door meets the statutory definition of "actual notice." "Actual notice" is defined as "receipt of written notice hand-delivered or mailed to the last known address." 9 V.S.A. § 4451(1). In the Court's view, the statute requires that the notice either be hand-delivered directly to tenant herself or mailed to her last known address. Simply dropping the notice at the tenant's door or affixing it to tenant's outer door does not meet the statutory mandate. Other Vermont trial courts have ruled similarly. *See Gondal Group of Motels, Inc. v. Steven Burke*, No. 24-CV-3198 (Vt. Super. Oct. 28, 2024) (tacking to door insufficient); *Trillium Holdings LLC v. Buchanan*, No. 360-6-13 WRCV, 2013 WL 7346967, at *2 (Vt. Super. Sep. 2013) (dropping inside tenant's residence is insufficient); *see also Black's Law Dictionary* 1164 (9th ed. 2009) ("actual notice" is "[n]otice given directly to, or received personally by, a party"), *cited favorably in Downtown Barre Dev. v. GU Markets of Barre, LLC*, 2011 VT 45, ¶ 11, 189 Vt. 637, 639–40.

1

Second, even if such delivery sufficed, Defendant would still not be precluded from disputing receipt. The statute has a narrow definition of "actual notice," and our Supreme Court has demanded "punctilious compliance" with its notice provisions. *In re Soon Kwon*, 2011 VT 26, ¶¶ 14-19, 189 Vt. 598, 601–03 (denying landlord's reliance on the fact that tenant actually received a notification when it was not delivered as prescribed by the statute). In this instance, the controlling words of the statute focus on the tenant's "receipt" of the notice of termination. 9 V.S.A. § 4451(1). Plaintiff's denial of receipt, which the Court must accept at this stage, establishes that she did not receive the notice.

Lastly, Plaintiff argues that he should be able to enjoy the benefit of the statute's presumption that Defendant received the notice three days after mailing. *Id.* ("A rebuttable presumption that the notice was received three days after mailing is created if the sending party proves that the notice was sent by first-class or certified U.S. mail."). The allegations of the complaint show, however, that notice was not sent by "first-class or certified U.S. mail." *Id.* Instead, it was delivered via FedEx, a commercial carrier. No presumption applies to such delivery. In any event, the presumption of "receipt" is expressly "rebuttable," and Defendant has denied receipt. No more is needed to rebut the presumption at this juncture. *See Lawson v. Halpern-Reiss*, 2019 VT 38, ¶ 36, 210 Vt. 224, 242 (In civil cases, a presumption is rebutted "as soon as evidence sufficient to support a finding of the nonexistence of the presumed fact is introduced." (internal quotation is omitted)).

The motion is denied.

Electronically signed on Tuesday, November 12, 2024, per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge