Vermont Superior Court
Filed 06/05/24
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00392

---

## State of Vermont v. Codling Brothers Logging et al

---

## ENTRY REGARDING MOTION

Title:      Motion for Judgment on the Pleadings (Motion: 2)
Filer:      Stephen J. Craddock
Filed Date:  March 27, 2024

The Codling Defendants have moved for judgment on the pleadings asserting that the conduct alleged cannot be considered "in commerce" under Vermont's Consumer Protection Act (CPA). The State has opposed the motion.

The standard for granting dismissal based on the pleadings is exacting. The question is whether, based solely on the pleadings, the moving party is entitled to judgment as a matter of law. *Reynolds v. Sullivan*, 136 Vt. 1, 3 (1978). "For the purposes of the motion all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Bressler v. Keller*, 139 Vt. 401, 403 (1981).

As the federal courts have repeatedly made plain: "A court applies the same standard to a motion for judgment on the pleadings as it does to a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2008). Our Supreme Court has held that dismissal under Vt. R. Civ. P. 12((b)(6) "is proper only when it is beyond doubt that there exist no facts or circumstances consistent with the complaint that would entitle Plaintiff to relief." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575, 576 (mem.) (quoting *Union Mut. Fire Ins. Co. v. Joerg*, 2003 VT 27, ¶ 4, 175 Vt. 196, 198)).

Accordingly, where "a plaintiff's pleadings contain allegations that, if proved, would permit recovery, a defendant may not secure a judgment on the pleadings." *Thayer v. Herdt*, 155 Vt. 448, 456 (1990); *see Knight v. Rower*, 170 Vt. 96, 98 (1999) (judgment warranted only if "pleadings contain no allegation that would permit recovery").

Here, the motion founders on those high shoals. While Defendants maintain that its contracts are highly individualized and separately negotiated for each person, which makes their circumstances similar to that discussed in *Foti Fuels, Inc. v. Kurrle Corp.*, 195 Vt. 524 (2013), such facts cannot be gleaned definitively from the Complaint. Instead, the Complaint states that

the Defendants offer logging services as a business to Vermonters, that they reach out to consumers to solicit their business, and that they then engage in a similar pattern of misleading, deceptive, and fraudulent conduct towards those consumers who choose to sign their form contracts for their services.

While highly individualized contracts for the sale of a business, as in *Foti Fuels* or for complex product arrangements between businesses as in *Barton Solar, LLC v. RBI Solar, Inc.*, Case No. 5:21-cv-25-GWC, 2021 WL 3109620 (D. Vt. Jul 22, 2021), have been held not to be "in commerce" under the CPA, the conduct alleged in the Complaint does not fit into such a narrow category -- at least at this stage. Instead, the Complaint alleges a general business that engages in similar deceptive acts in commerce with multiple consumers. To the extent the actual facts of the individual transactions may lean more towards *Foti Fuels* or *Barton Solar*, is a question that needs to left for later development. Any such determinations would need to be made on more detailed factual record. For now, the Court certainly cannot say that bare allegations of the Complaint fail to state a claim under the CFA.

Given that determination, the Court has no need to delve into and create new Vermont law on the issue of estoppel at the present juncture.

The motion is denied.

Electronically signed on Wednesday, June 5, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge